Kathleen Marie Emmons v. Commissioner.
Emmons v. Commissioner
Docket No. 86449.
United States Tax Court
T.C. Memo 1961-290; 1961 Tax Ct. Memo LEXIS 60; 20 T.C.M. (CCH) 1513; T.C.M. (RIA) 61290; October 23, 1961
Henry J. Burt, Jr., Esq., 1910 Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. Vernon R. Balmes, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency of $360.68 in petitioner's income tax for 1958. The questions *61 for decision are whether petitioner provided over one-half of her mother's support in 1958 and whether petitioner is entitled to deductions for medical expenses and interest paid on behalf of her mother in 1958. Findings of Fact Petitioner Kathleen Marie Emmons is an individual who lives in Louisville, Kentucky. She filed her 1958 individual income tax return with the district director of internal revenue at Louisville. Petitioner is a secretary. Her 1958 income was $3,300 from salary. Her takehome pay, after deductions for Federal and state taxes and hospitalization insurance, was $2,209.83. She has been severely physically crippled since childhood as the result of polio and she can only walk with the aid of crutches. Petitioner's father died in 1957. His estate was small and did not include sufficient liquid assets to pay debts and costs of administration. It included an automobile and a house, subject to a mortgage, both of which went to petitioner's mother. In 1958 petitioner and her mother lived in the house. Her mother's only source of income was $50.40 a month from a pension of the Veteran's Administration. Petitioner and her mother maintained a joint checking account. *62 Petitioner's salary and her mother's pension were deposited in that account. From time to time petitioner's mother made some of the deposits to the account and wrote checks on it because it was easier for her to get around than it was for petitioner. In addition, during 1958 petitioner and her mother maintained a joint savings account. The account had been opened in 1957 with a deposit of $2,500. Of this amount, $1,000 was petitioner's and the balance her mother's. Petitioner made payments of $86 per month on the mortgage on the house. Of the $1,032 so paid, $355.95 represented interest. Petitioner and her mother withdrew $925 from their savings account in 1958. Petitioner's mother was not well when her husband died in 1957. In 1958 she underwent surgery for the removal of a portion of her left lung. After the operation she lost her hearing and had to have a hearing aid. Her medical expenses in 1958 were $783.63. Petitioner has a brother. In 1958 he was married and had four children. Petitioner's brother did not provide any support for petitioner's mother in 1958. On her 1958 income tax return petitioner claimed her mother as a dependent. In addition, she deducted interest *63 paid on the mortgage of $355.95, city personalty tax of $37.39, state personalty tax of $7.94, and medical expenses of $1,188.17. In the statutory notice respondent determined that petitioner had additional income from interest on the savings account of $17.99; that the deductions for interest and personalty taxes were not allowable under sections 163 and 164 of the Internal Revenue Code of 1954; [1] that her mother was not her dependent under section 151 (e) and so the $600 dependency exemption was not allowable; and that $783.63, "medical expenses applicable to [her] mother" were not allowable "as she was not your dependent." Petitioner provided over one-half of her mother's support in 1958. Opinion The evidence proves conclusively and we have found as a fact, that petitioner provided over one-half of her mother's support in 1958. The only sources of support for petitioner and her mother were petitioner's salary, her mother's pension and their joint savings account. If it be true, as respondent argues on the interest issue below, that the house in question belonged *64 to petitioner's mother, then the payments on the mortgage of $1,032 plus the amount spent for her mother's clothes, $403.77, plus the $783.63 which respondent admits in the statutory notice was spent for her mother's medical care, amount to considerably more than the mother's contribution to the family (pension payment receipts of $604.80) even without taking into account amounts expended for food and other items. We are singularly unimpressed with respondent's argument that because most deposits, checks and withdrawals from the savings account were in petitioner's mother's name, her mother "actually paid most of petitioner's, as well as her own, expenses." The mother adequately explained the reason for this when she testified that petitioner "is unable to get around and take care of business and I have to do a lot of things * * *." Kathleen's severe disability was observed by the Court. Respondent's only basis for disallowance of $783.63 of the deduction claimed for medical expenses was that petitioner's mother was not her dependent. We have above decided contrary to respondent on the dependency issue. We therefore hold petitioner is entitled to deduct the full amount claimed for *65 medical expenses under section 213(a). Respondent disallowed the interest deduction of $355.95 and on brief argues that petitioner is not entitled to it because the indebtedness was not hers. We agree with respondent. Petitioner, her mother and her brother testified that they had agreed in 1957 that the house should belong to petitioner, even though her mother then held record title to it. In support of this testimony, there is evidence that her mother deeded the house to her in December 1959. However, petitioner has not shown that she assumed the mortgage during 1958 and it is upon the debt that the interest was paid. The debt was not hers. We hold respondent correctly disallowed the interest deduction. Respondent disallowed personalty taxes of $45.33 claimed by petitioner as a deduction. On brief petitioner admits the taxes were not hers, but were her mother's. We hold respondent correctly disallowed this deduction. Respondent increased petitioner's income for 1958 by $17.99 to report interest income from the joint savings account. Only two-fifths of this amount is taxable income to petitioner. Her original contribution to the savings account was two-fifths of the total opening *66 deposit, which was the only deposit ever made in this savings account. Decision will be entered under Rule 50. Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended.↩